IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RICKY BERNARD MCCOY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | NO. 5:15-CV-0175-MTT-CHW |
| **VS.** | : | |
| | : | |
| **Warden BRUCE CHATMAN, et al,** | : | |
| | : | |
| **Defendants.** | : | |

## AMENDED RECOMMENDATION

Plaintiff Ricky Bernard McCoy, a prisoner currently confined at the Georgia Diagnostic and Classification Prison ("GDCP") in Jackson, Georgia, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the district court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). The undersigned previously reviewed Plaintiff's Complaint and allowed his due process claims against Defendants McMillian, Powell, and Logan to go forward. It was recommended, however, that Plaintiff's claims against Doe, Dean, Fowler, Chatman, Paul, and McCloud be dismissed without prejudice.

Plaintiff has now filed an Objection to the Recommendation and an Amended Complaint. Under Rule 15 of the Federal Rules of Civil Procedure, Plaintiff is, at this point, entitled to amend his Complaint without leave of the Court. Fed. R. Civ. P. 15(a). In his Amended Complaint (ECF No. 10), Plaintiff now alleges facts personally implicating Defendants Chatman, McCloud, Dean, and Doe in the decisions related to this continued confinement in the special management

1

unit at GDCP and a policy (or widespread practice) of arbitrarily denying classification appeals. In light of these additional allegations, the undersigned's recommendation to dismiss Plaintiff's claims against Defendants Chatman, McCloud, Dean, and Doe (arising out of his confinement at GDCP) is hereby **WITHDRAWN**.  Those claims will also now be allowed to go forward.

However, neither Plaintiff's Objection nor his Amended Complaint contain sufficient allegations against Chatman, Fowler, or Paul to state a due process claim based on his prior confinement at Georgia State Prison ("GSP").  His allegations as to these claims are essentially the same as those in the original complaint, and his Objection does not identify any clear error in the undersigned's recommendation – or any other grounds for reconsideration.  *See United States v. Battle*, 272 F.Supp.2d 1354, 1357 (N.D. Ga. 2003) (a party "must . . . set forth facts or law of a strongly convincing nature to induce the court to reverse [a] prior decision").

Again, as to his GSP claims, Plaintiff has simply not alleged sufficient facts to show that his confinement in administrative segregation triggered due process protections. *See Sandin v. Conner*, 515 U.S. 472, 483–84 (1995) (holding that due process implicated only if confinement alters the term of imprisonment or imposes an "atypical and significant hardship" in relation to the ordinary incidents of prison life).  Confinement in administrative segregation does not impose "an atypical and significant hardship" on a prisoner if the conditions of his confinement mirror the general prison population conditions.  *See id.* at 486; *Al-Amin v. Donald*, 165 F. App'x 733, 738 (11th Cir. 2006).  Thus, in the absence of specific facts showing that a protected liberty interest was implicated by Plaintiff's confinement at GSP, he fails to state a due process claim.  *See id.*

Accordingly – and also for those reasons stated in the original recommendation (ECF No. 7) – the undersigned still **RECOMMENDS** that those claims against Defendants Chatman,

Fowler, and Paul arising out of Plaintiff's confinement at GSP be **DISMISSED** for failure to state a claim.

### RIGHT TO FILE OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to any recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

### ORDER FOR SERVICE

It is accordingly **ORDERED** that service now also be made on Defendants Chatman, McCloud, Dean, and Doe and that they file an Answer, or other response as appropriate under the Federal Rules, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.   Defendants are reminded of the duty to avoid unnecessary service expenses, and the possible imposition of expenses for failure to waive service.

### DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one

another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation

Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  In addition, Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 2nd day of December, 2015.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
