IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RICKY BERNARD MCCOY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-175 (MTT) |
| | ) |
| Warden **BRUCE CHATMAN,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**ORDER**

After screening the Plaintiff's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, United States Magistrate Judge Charles H. Weigle ordered the claims against Defendants James McMillian, William Powell, and Rufus Logan to go forward but recommended that all other parties and claims be dismissed. (Doc. 7). Thereafter, the Plaintiff amended his complaint and objected to the Recommendation. (Docs. 10-11). The Court referred the matter back to the Magistrate Judge to consider the additional allegations. (Doc. 21).

Now, in an amended recommendation, the Magistrate Judge, pursuant to 28 U.S.C. § 1915A, has screened the additional allegations in the Plaintiff's amended complaint (and in the objection) and has ordered the claims to go forward against Defendants Bruce Chatman, Rodney McCloud, Betty Dean, and John or Jane Doe arising out of the Plaintiff's confinement at Georgia Diagnostic and Classification Prison ("GDCP"). (Doc. 23). However, the Magistrate Judge recommends dismissing the claims against Defendants Bruce Chatman, Edward Fowler, and Deputy Warden Paul

arising out of the Plaintiff's confinement at Georgia State Prison ("GSP") for failure to state a claim. The Plaintiff has not objected to the Recommendation. The Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED** and made the order of the Court. Accordingly, the claims against Chatman, Fowler, and Paul arising out of the Plaintiff's confinement at GSP are **DISMISSED without prejudice**.

The Plaintiff has also asserted claims against Defendant June Bishop arising out of his confinement at GDCP. Again, because the Plaintiff is a prisoner "seeking address from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of these claims. *See* 28 U.S.C. § 1915A. In his pleadings, the Plaintiff has alleged facts personally implicating Bishop in the decisions related to the Plaintiff's continued confinement in the special management unit at GDCP and a policy (or widespread practice) of arbitrarily denying classification appeals. (Docs. 1 ¶¶ 11, 24, 27, 32, 40-41; 10 ¶¶ 8, 21, 24, 26, 42-43; 11-1 at 3, 5). Accordingly, like the similar claims against Chatman, McCloud, Dean, and Doe, the claims against Bishop are allowed to go forward. It is accordingly **ORDERED** that service now also be made on Bishop and that she file an answer or other response as appropriate under the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

**SO ORDERED**, this 25th day of February, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT