IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RICKY BERNARD MCCOY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:15-CV-175(MTT) |
| ) | |
| BRUCE CHATMAN, *et al.*, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends granting in part and denying in part the Defendants' motions to dismiss (Docs. 14; 30; 50; 64)[1] and denying the Plaintiff's motion to dismiss (Doc. 56). Doc. 73. Specifically, the Magistrate Judge recommends (1) allowing the Plaintiff's claims for violations of his due process rights to go forward for factual development; (2) allowing the Plaintiff's claims for violations of his Eighth Amendment rights to go forward for factual development; (3) limiting the Plaintiff's possible recovery to nominal damages; (4) denying the Plaintiff's request to appoint expert witnesses to determine additional injuries; and (5) denying the Plaintiff's motion to dismiss (Doc. 56). *Id.* The Plaintiff and the Defendants have filed objections to the Recommendation and responses to those objections. Docs. 76; 82;

---

[1] Defendants Belinda Davis and Steve Upton were added to the action on June 14, 2016, after the Plaintiff clarified that they were his John Doe Defendants. Docs. 70; 71. Defendants Davis and Upton moved to dismiss and moved to adopt the other Defendants' arguments. Doc. 83. The Plaintiff opposed the new Defendants' motion to dismiss and moved to adopt his previous arguments against them. Doc. 87. Accordingly, the Defendant's motion to adopt (Doc. 83) is granted, and the Court analyzes the Recommendation (and the parties' objections and responses) as to all Defendants.

84; 85.  In all, the parties object to every part of the Recommendation except the recommendation to deny the Plaintiff's Motion to Dismiss.  *Id.*  Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered the parties' objections and made a de novo determination of the portions of the Recommendation to which the parties object.

The Court adopts most of the Magistrate Judge's recommendations.  But the Court finds that the Plaintiff's Eighth Amendment claims must be dismissed for failure to state a claim.  The Court agrees with the Recommendation that the "Plaintiff's allegations, when considered individually, do not meet [the] standard" required to state an Eighth Amendment claim.  Doc. 73 at 13.  Further, as the Defendants note in their objection, separate conditions of confinement usually cannot be combined to create an Eighth Amendment violation.  Doc. 76 at 6-7.  The Supreme Court has held that "[s]*ome* conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets."  *Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (emphasis in original) (citations omitted); *see also id.* at 305 ("To say that some prison conditions may interact in this fashion is a far cry from saying that all prison conditions are a seamless web for Eighth Amendment purposes.  Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a human need exists." (internal citations omitted)).  The Plaintiff alleges that he is subjected to solitary confinement, confined and unsanitary housing conditions, lack of access to light, the stench of human waste, and food exposed to those

unsanitary conditions. Doc. 73 at 11-12. These allegations do not create a claim of a "mutually enforcing effect that produces the deprivation of a single, identifiable human need." *Wilson*, 501 U.S. at 304.

The Recommendation is **ADOPTED as modified**. Accordingly, the Plaintiff's motion to dismiss (Doc. 56) and request for the Court to appoint expert witnesses (Doc. 55) are **DENIED**. The parties' motions to adopt (Docs. 83; 87) are **GRANTED**. The Defendants' motions to dismiss (Docs. 14; 30; 50; 64; 83) are **DENIED in part** so that the Plaintiff's Due Process claims may be proceed for factual development but are **GRANTED in part** so that (1) the Plaintiff's Eighth Amendment claims are **DISMISSED without prejudice**, and (2) the Plaintiff may recover nominal damages but not compensatory or punitive damages.[2]

**SO ORDERED,** this 12th day of January, 2017.

>S/ Marc T. Treadwell
>MARC T. TREADWELL, JUDGE
>UNITED STATES DISTRICT COURT

---

[2] In his objection to the Recommendation, the Plaintiff adds to his list of injuries "also now possible misdiagnosis of prostrate cancer." Doc. 82 at 1 (error in original). This conclusory addition does not identify a connection between the physical injury and the Defendants or the alleged constitutional violations. Accordingly, the Plaintiff still does not meet the Prison Litigation Reform Act's physical injury requirement in order to seek compensatory and punitive damages. *See Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) ("Under [the PLRA] and our caselaw, an incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury." (citations omitted)); *but see id.* at 1307-08 ("[W]e hold that nothing in [the PLRA] prevents a prison from recovering *nominal* damages for a constitutional violation without a showing of physical injuries." (emphasis in original)).